T.C. Memo. 2012-44

UNITED STATES TAX COURT

JAMES ANTHONY FONTENEAUX, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 826-10.                    Filed February 21, 2012.

James Anthony Fonteneaux, Sr., pro se.

<u>David B. Mora</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $15,635 and $2,372

in petitioner's Federal income taxes for 2005 and 2006, respectively.

Respondent also determined additions to tax under sections 6651(a)(1) for each year and a penalty under section 6662(a) for 2005. All section references are to the Internal Revenue Code.

Respondent has conceded that petitioner does not owe the deficiency, the addition to tax, or the penalty determined for 2005. The deficiency for 2006 was determined as a section 72 additional tax on premature distributions from retirement plans. The addition to tax for 2006, $152.10, was determined because petitioner's otherwise timely return was unsigned. Petitioner contends that the Internal Revenue Service (IRS) delay in rejecting the unsigned return prevented timely filing. However, he challenges that only as a consequence of challenging the deficiency for 2006 as resulting from a series of errors and other missteps by respondent's representatives.

FINDINGS OF FACT

None of the facts have been stipulated. Petitioner resided in Texas at the time his petition was filed. On his 2006 Form 1040, U.S. Individual Income Tax Return, he reported pension and annuity income of $106,307, of which $28,789

was taxable. He submitted the Form 1040 in April 2007, prior to the date it was due, but did not sign it. The unsigned return was sent back to him by the IRS. Petitioner signed the return and sent it back to the IRS, but it was not filed until November 26, 2007.

On October 14, 2009, the IRS sent the statutory notice of deficiency to petitioner with respect to 2005 and 2006, with the determinations set forth above. The petition was timely filed with this Court on January 11, 2010. On March 8, 2010, the IRS prematurely assessed the amounts determined in the statutory notice. Collection notices of intent to levy were sent in July 2010. The premature assessments were abated in October 2010, when the pending suit was entered on petitioner's account.

In the statutory notice, the amount determined for 2006 was explained as:

Tax on Qualified Plans

| Per Return | Per Exam | Adjustment |
| --- | --- | --- |
| $720 | $3,092 | $2,372 |

> We adjusted your tax by 10 percent of the premature distribution made from your Individual Retirement Account (IRA). The 10 percent tax is applicable unless those funds are paid after you reach 59 ½ or for another allowable reason such as:
>
> Paid on account of death, disability, substantially equal payments over your (or joint) life expectancies, or

Certain medical expenses, or

First time home purchase, or

IRS levy.

The $720 item was not reported on or paid with petitioner's Form 1040, and he denies ever paying that amount. The difference between 10% of the $28,789 reported on petitioner's Form 1040 and the $3,092 used in the statutory notice is not explained by evidence in the record. (It appears from the arguments of the parties that there is a dispute about whether $2,130 petitioner received from Washington Mutual was a distribution from a Roth IRA.) However, because the deficiency in dispute is less than 10% of $28,789, apparently due to an error in petitioner's transcript, the difference does not affect the outcome of this case.

## OPINION

The first time this case was set for trial, in January 2011, the parties reported a settlement. Respondent prepared decision documents reflecting respondent's concessions of all issues for 2005 and a reduced deficiency and addition to tax for 2006. Petitioner repudiated the settlement and sought complete victory and sanctions against respondent based on "reckless professional behavior."

Petitioner is frustrated by the determination for 2005 now conceded by respondent, by the premature assessment and collection activity while this case was pending and collection stayed, by misinformation given to him by representatives of respondent, and by the delays inherent in litigation. Nonetheless, the only issue now to be decided is whether the section 72(t) additional tax on the retirement plan distribution he received should be sustained in an amount less than the 10% established by statute.

Section 72(t)(1) imposes an additional tax of 10% on early distributions from qualified retirement plans, with exceptions listed in section 72(t)(2). The exceptions include those items listed in the statutory notice quoted above. Petitioner does not argue that he comes within any of the exceptions. He understands that the amount sought by respondent, $2,372, is less than the $2,879 that would be due on the reported distribution if the 10% additional tax were accurately determined. He argues that if he made as many mistakes during his military career as the IRS and its representatives made in this case, the consequences would be disastrous. He believes that the IRS should suffer the consequences of its mistakes and should recover none of the deficiency for 2006.

None of the relief petitioner seeks is available in this case.  We must apply the law to the established facts.  Because respondent has not sought an increased deficiency, the amount in the decision will be less than petitioner would otherwise owe.  That is the most compensation that petitioner is entitled to here.

<u>Decision will be entered in favor of petitioner for 2005 and in favor of respondent for 2006</u>.